4 [From 14 Betts, D. C. MS. 34.]

## Case No. 8,011.

### LAMB v. BROWN.

[12 N. B. R. 522; 1 7 Chi. Leg. News, 363; 1 N. Y. Wkly. Dig. 176.]

District Court, D. Indiana. 1875.

BANKRUPTCY—DISCHARGE—CREDITOR WITHOUT NOTICE—DEBT BARRED.

The debt of a creditor is barred by a discharge, although his name was not placed on the schedule, and he received no notice of the proceeding in bankruptcy, or of the petition for a discharge.

[Action at law by Wilmer S. Lamb, assignee of the Winnesheik Insurance Company, against Isaac A. Brown.]

GRESHAM, District Judge. This is an action of assumpsit on a premium note given to the Winnesheik Insurance Company on the 8th day of October, 1862, now in bankruptcy. The defendant pleaded that on the 28th day of April, 1868, he was discharged from all debts which, by the terms of the bankrupt act [of 1867 (14 Stat. 517)] were provable against his estate. To this plea there was a replication, that the defendant omitted from the schedules filed with his voluntary petition, the debt described in the declaration, and that neither the plaintiff nor the said Winnesheik Insurance Company had notice of the defendant's proceeding in bankruptcy, or of his petition for discharge. There was a general demurrer to the replication. It was not alleged in the replication that the omission was willful or fraudulent, and it is not pretended that the discharge was improperly granted, or that the same is invalid for any of the causes specified in section 29 of the act. The simple question raised is whether a debt, inadvertently omitted from the schedule, with no fraudulent intention on the part of the bankrupt, remains unimpaired by the discharge, provided the creditor has received no notice either of the pendency of the proceedings, as required by section 11 of the act, or of the application of the bankrupt for his discharge as required by section 29. The discharge, with the exception of debts created by fraud, defalcation in a public office, or arising under some fiduciary relation, "releases the bankrupt from all debts, claims, liabilities, and demands which were, or might have been proved against his estate." I think congress intended that a discharge granted in a proceeding either voluntary or involuntary, after an order of adjudication upon a proper petition, and after the service of the usual notices and publication required by law, shall operate as a complete extinguishment of all debts of the bankrupt provable against his estate, with the exceptions named in this act—debts of those whose names have been omitted from the schedules otherwise than fraudulently, and who

---

1 [Reprinted from 12 N. B. R. 522, by permission.]

have received no notice of the pendency of the proceedings, or of the application for a discharge, as well as the demands of those who have proved their claims and have received all the notices prescribed by the act and by the rules of the supreme court. Symonds v. Barnes [59 Me. 191]; Payne v. Able [7 Bush. 344]; In re Archenbraun [Case No. 504]. The jurisdiction of the bankruptcy court having once attached, it is complete for all purposes of the act. Jurisdiction to grant a discharge is not made dependent upon the correctness of the schedules. In fact it is known by all who have had experience in bankruptcy practice, that many schedules are incomplete, especially the schedules of debts. The 11th section of the act makes it the duty of the marshal to serve written or printed notices on all creditors whose names appear on the schedules, or whose names may be given in addition by the debtor; and section 4 provides, in involuntary cases, that if the bankrupt is absent, or cannot be found, the schedule and inventory shall be prepared by the messenger and the assignee from the best information they can obtain. It is evident, therefore, that the act does not contemplate complete schedules in all cases, and yet it declares that the discharge shall release the bankrupt from all debts, etc., which were, or might have been proved against his estate. Ample provision is made by section 29, for defeating the granting of a discharge, and if the creditors fail to avail themselves of that right, the 34th section authorizes any creditor whose debt was proved or provable to contest the validity of a discharge on the ground that it was fraudulently obtained. Perhaps a discharge once obtained will stand until annulled for fraud in a direct proceeding. The demurrer to the replication is sustained.